**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| JENNIFER EMORY, | ) |
| | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    CIVIL ACTION NO. 5:25-cv-387 (MTT) |
| | ) |
| BRANNON GRACE, *et al.*, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

Plaintiff Jennifer Emory brought this action against Sergeant Brannon Grace,

Brian Grady, and Goodwill Industries of Middle Georgia, Inc., for malicious prosecution

under the Fourth Amendment as well as various state law violations. ECF 1. Grace has

moved to dismiss all of Emory's claims against him. ECF 10. For the reasons that

follow, Grace's motion (ECF 10) is **DENIED** in part and **GRANTED** in part.

### I. BACKGROUND

For over 21 years, Emory worked for the Bibb County Sheriff's Department. ECF

1 ¶ 9. During the relevant time, Emory was an investigator for the Sheriff's Department's

Internal Affairs division. *Id.* Emory worked alongside Defendant Grace, who was also an

investigator in the Internal Affairs division. *Id.* ¶ 10. Additionally, Grace was in charge of

the security detail for Goodwill Industries of Middle Georgia. *Id.*

On or about January 1, 2020, Grace asked Emory to work off-duty as security for

Goodwill's Broadway location in Macon, Georgia. *Id*. The next day, Emory submitted a

request for off-duty work. *Id.* ¶ 11. Grace told Emory that she would be responsible for

providing security for students at the Helms Career Center HVAC Training Program. *Id.* ¶ 12. The position's hours were from 5:00 p.m. until 10:30 p.m. *Id.* Emory worked with the Sheriff's Department until 5:00 p.m., so she could not arrive at Goodwill until around 5:30 p.m. *Id.* ¶ 13. Emory alleges that Grace was aware of her time conflict and advised that "that [Emory] could leave to get dinner and run errands as needed and understood that Plaintiff's Job with the Sheriff's Office had priority over Goodwill." *Id.* Defendant Grady, who was responsible for maintaining security at Goodwill, also told Emory in July 2020 that she "could go for dinner and run errands as needed as long as security was maintained at the location." *Id.* ¶ 21. According to Emory, Grace asked her several times to accompany him to run personal errands during her shifts at Goodwill. *Id.* ¶ 17. Emory also informed Grace several times that she had left the Goodwill location to run personal errands during her shift. *Id.* Emory alleges she worked at Goodwill "without incident" from January 2020 through May 2021. *Id.* ¶ 11.

In April 2021, Emory investigated the heavily publicized homicide of a Bibb County Deputy who was killed in the Bibb County jail. *Id.* ¶ 25. That investigation concluded that the Deputy used force without justification against an inmate, which caused the inmate to fight back, take the Deputy's knife, and stab him multiple times. *Id.* ¶ 26. Shortly after that investigation concluded, Emory alleges that she became the target of two criminal investigations—one for aggravated assault and one for theft by deception against Goodwill. *Id.* ¶ 27. The theft by deception investigation was initiated by Grady, who reported to the Sheriff's Office on May 7, 2021, that Emory committed theft against Goodwill because she was not present at the Goodwill location for

extended periods of time during her shifts, thus stealing $3,700.[1] *Id.* ¶ 29. The Bibb County Sheriff's Office put Emory on administrative leave immediately. *Id.* ¶ 30.

The Internal Affairs Division launched an investigation of the alleged theft. *Id*. ¶ 31. On May 14, 2021, Grace was interviewed as part of the investigation. *Id.* ¶ 32. According to Emory, Grace lied during his interview. *Id.* ¶¶ 34-39. Specifically, Grace falsely stated he had no knowledge that Emory had left the Goodwill premises during her shift. *Id.* ¶ 35. Grace also falsely stated that each time he spoke with Emory, she told him "she was actually working there." *Id.* ¶¶ 34-39.

Despite being a fact witness in the investigation, Grace was also assigned to investigate the alleged theft alongside Captain Minter at the Bibb County Sheriff's Office. *Id.* ¶ 32. On May 25, 2021, Grace joined Captain Minter to interview Defendant Grady and John Marable[2] jointly. *Id.* ¶ 33. Emory alleges that Grace asked leading questions in the interview, which created a misleading record. *Id.* ¶ 41.

On July 19, 2021, Lieutenant Clint Joiner sought and obtained arrest warrants for Emory for theft by deception and violation of oath by public officer. *Id.* ¶ 43. Emory alleges that Lieutenant Joiner relied on Grace and Grady's "false and misleading statements" to obtain the warrants. *Id.* Facing termination, Emory resigned from the Bibb County Sheriff's Office on July 21, 2021. *Id.* ¶ 44. The charges against Emory were dismissed on September 6, 2023, after a grand jury issued a no-bill. *Id.* ¶ 45.

---

[1] In her response to Grace's motion to dismiss, Emory contends that Grace, either on his own or by direction of someone at the Bibb County Sheriff's Office, investigated Emory's alleged theft in retaliation for her involvement in the April 2021 investigation. ECF 11 at 9.

[2] Marable was an instructor for Goodwill's HVAC school. ECF 1 ¶ 31.

Emory filed her complaint on September 8, 2025. ECF 1. Count One asserts a Fourth Amendment malicious prosecution claim under 42 U.S.C. § 1983 against Grace and Grady.[3] *Id.* ¶¶ 51-58. Count Two asserts a state law false arrest claim under O.C.G.A. § 51-7-1 against Grace and Grady. *Id.* ¶¶ 59-61. Count Three asserts a state law claim for intentional infliction of emotional distress against Grace and Grady. *Id.* ¶¶ 62-64. Count Four asserts a claim for vicarious liability against Goodwill.[4] *Id.* ¶¶ 65-66. Finally, Count Five asserts a claim for civil conspiracy against all defendants under Georgia law. *Id.* ¶ 67. Grace moves to dismiss all claims against him. ECF 10.

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[3] The Court acknowledges Grace's argument that any malicious prosecution claim under the Fourteenth Amendment should be dismissed because "[a] malicious prosecution claim arises under the Fourth Amendment, not [the] Fourteenth Amendment." ECF 10-1 at 6 (quoting *Rehberg v. Paulk*, 611 F.3d 828, 853 (11th Cir. 2010). However, in *Rehberg*, the Eleventh Circuit held that a malicious prosecution claim cannot be asserted as a Fourteenth Amendment substantive due process claim. 611 F.3d at 853. Count One does not appear to allege a separate due process claim. Thus, the Court reads Count One as a Malicious Prosecution claim under the Fourth Amendment as incorporated to the states under the Fourteenth Amendment. *See id.* at 839 n.6 ("The Fourth Amendment protection against 'unreasonable' searches and seizures was made applicable to the States through the Fourteenth Amendment.").

[4] For reasons explained below, each of the plaintiff's state law claims are dismissed. Because the plaintiff has not alleged a state law claim, she has also failed to allege that Goodwill is vicariously liable for Grady's actions under Georgia law. And vicarious liability cannot form the basis of a § 1983 claim. *Ireland v. Pummell*, 53 F.4th 1274, 1289 (11th Cir. 2022). Accordingly, the Plaintiff's vicarious liability claim (Count V) is **DISMISSED without prejudice**.

"Factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

### III. DISCUSSION

**A. Malicious Prosecution**

First, Grace argues that Emory's Fourth Amendment malicious prosecution claim should be dismissed because Emory "fails to plea[d] that Defendant Grace acted with any malice toward Plaintiff when giving statements to investigators about Plaintiff." ECF 10-1 at 5.

To establish a claim for Fourth Amendment malicious prosecution, "the plaintiff must prove both 'the elements of the common-law tort of malicious prosecution and … a violation of his Fourth Amendment right to be free from unreasonable seizures.'" *Butler*

*v. Smith*, 85 F.4th 1102, 1111 (11th Cir. 2023) (quoting *Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir. 2018)). Because there is "significant overlap" between the common-law malicious prosecution elements and the Fourth Amendment's requirements, "the questions whether a defendant instituted or continued a legal proceeding with malice and without probable cause," as required by the common law,[5] "'effectively merge' with … case law on unconstitutional seizures." *Gervin v. Florence*, 139 F.4th 1236, 1248 (11th Cir. 2025) (quoting *Butler*, 85 F.4th at 1112); *see also Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) ("If a plaintiff establishes that a defendant violated his Fourth Amendment right to be free from seizures pursuant to legal process, he has also established that the defendant instituted criminal process against him with malice and without probable cause."). Thus, the Eleventh Circuit has simplified the malicious prosecution analysis into four elements: "(1) the plaintiff was seized under legal process; (2) the legal process justifying the plaintiff's seizure was constitutionally infirm; (3) the suit or proceeding terminated in the plaintiff's favor; and (4) the seizure would not otherwise be justified without legal process." *Gervin,* 139 F.4th at 1248.

Here, Grace argues Emory has failed to allege that he acted with malice and has, thus, failed to establish the common law malicious prosecution elements. ECF 10-1 at 7-8. Emory contends her allegations that Grace "made knowingly false statements to support probable cause" are sufficient under *Laskar v. Hurd*, 972 F.3d 1278, 1295-96 (11th Cir. 2020). ECF 11 at 9-10. In *Laskar*, the Eleventh Circuit stated that to establish

---

[5] The common law elements of malicious prosecution include "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor and (4) caused damage to the plaintiff accused." *Butler*, 85 F.4th at 1111 (quoting *Paez v. Mulvey,* 915 F.3d 1276 (11th Cir. 2019). "The Fourth Amendment overlay adds two elements: The plaintiff must establish (5) 'that the legal process justifying [her] seizure was constitutionally infirm' and (6) 'that her seizure would not otherwise be justified without legal process.'" *Id.* at 1111-12 ( quoting *Williams v. Aguirre*, 95 F.3d 1147, 1165 (11th Cir. 2020)).

the "with malice and without probable cause" element in the arrest warrant context, the plaintiff must allege "either 'that the officer who applied for the warrant should have known that his application failed to establish probable cause' or 'that an official, including an individual who did not apply for the warrant, intentionally or recklessly made misstatements or omissions necessary to support the warrant.'" 972 F.3d at 1295-96 (quoting *Williams v. Aguirre*, 965 F.3d 1147, 1165 (11th Cir. 2020)). Emory alleges Grace falsely stated that "[he] had no knowledge of [Emory] not being [at Goodwill]" during her shift, and that Emory advised him that she remained on the premises during shifts. ECF 1 ¶¶ 35, 37. Emory also alleges that Grace "continued to lie and reported that Plaintiff was supposed to be sitting inside of her vehicle at a particular location at [the] Career Center …" and that Grace "falsely reported that Plaintiff had stolen from Defendant Goodwill." *Id.* ¶¶ 38-39. Emory has, therefore, plausibly alleged that Grace "intentionally or recklessly made misstatements or omissions." *Laskar*, 972 F.3d at 1296.

Thus, the Court turns to whether those misstatements were "necessary to support the warrant." *Id.* Grace argues, for the first time in his reply brief, that Emory failed to allege that Grace's statements were "included in the arrest warrant application or served as a basis or factor in the probable cause analysis related to the arrest warrant." ECF 12 at 3. However, Emory alleged that Lieutenant Joiner sought and obtained arrest warrants against her "in reliance on the false and misleading statements of Defendants Grace and Grady." ECF 1 ¶ 43. Taking Emory's statements as true, and drawing all reasonable inferences in the light most favorable to Emory, her allegation is

-7-

sufficient to plausibly allege that Grace and Grady's statements were material to the probable cause analysis.

Accordingly, the Court concludes that Emory has stated a claim for malicious prosecution under 42 U.S.C. § 1983, and Grace's motion to dismiss Count One is **DENIED**.

## B. False Arrest

Next, Grace contends Emory's state law false arrest claim should be dismissed for three reasons: (1) Emory failed to plausibly allege malice; (2) the claim is barred by official immunity; and (3) the claim is barred by the statute of limitations. ECF 10-1 at 5-11. In response, Emory states that Count Two "is mislabeled as a claim for False Arrest/Malicious Arrest under O.C.G.A. § 51-7-1." ECF 11 at 10. Emory explains that "undersigned counsel pled the elements for Malicious Prosecution under O.C.G.A. § 51-7-40 and intended to label the claim as such." *Id.* However, Emory did not move for leave to amend, and she cannot amend her complaint through a response brief. *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief …."); *see also Williams v. Miami-Dade Cnty.*, 740 F. Supp. 3d 1219, 1242 (S.D. Fla.) ("Plaintiffs may not amend their complaint through a response to a motion to dismiss.") (citation modified)). Because Emory did not move to amend her complaint to correct the mislabeled claim, and has admitted she did not intend to bring a state law false arrest claim, she has effectively abandoned Count Two.[6]

---

[6] Because Count Two is abandoned, the Court need not consider whether the claim was subject to official immunity or barred by the statute of limitations.

Accordingly, Grace's motion to dismiss Count Two is **GRANTED**. Although Defendant Grady did not move to dismiss Count Two, Emory's abandonment necessarily disposes of her false arrest claim against Grady as well. Thus, Count Two is **DISMISSED without prejudice** as to all defendants.

## C. Intentional Infliction of Emotional Distress

Grace also argues that Emory has failed to state a claim for state law intentional infliction of emotional distress because Emory "improperly reli[es] on conclusory allegations and a simple recitation of the elements." ECF 10-1 at 12. In her response, Emory states that she "hereby abandons Count III of her [c]omplaint for Intentional Infliction of Emotional Distress." ECF 11 at 13.

Accordingly, Grace's motion to dismiss Count Three is **GRANTED**. Because Emory has abandoned Count Three, her intentional infliction of emotional distress claim is **DISMISSED without prejudice** as to all defendants.

## D. Conspiracy

Finally, Grace asserts that Emory has failed to state a conspiracy claim because her complaint "fails to do anything more than blanketly conclude that Defendants conspired together against Plaintiff." ECF 10-1 at 13. The Court agrees.

To state a claim for civil conspiracy under Georgia law,[7] Emory must plausibly allege "that two or more persons, acting in concert, engaged in conduct that constitutes a tort." *Argentum Intern., LLC v. Woods*, 280 Ga. App. 440, 444, 634 S.E.2d 195, 200

---

[7] In her complaint, Emory claims Grace and Grady are liable for conspiracy under Georgia law. ECF 1 at 13. However, in her response brief, Emory cites Eleventh Circuit cases analyzing § 1983 claims for civil conspiracy to violate constitutional rights. ECF 11 at 12-13. Again, Emory did not move to amend her complaint and, thus, the Court analyzes her conspiracy claim under Georgia law.

(2006). First, Emory fails to state a claim because, apart from her conclusory allegation that "Defendants have conspired with each other with the intent of harming Plaintiff" (ECF 1 ¶ 67), Emory does not allege any facts that raise a reasonable inference that Grady and Grace conspired to harm her. *Wilson v. Appalachian Oak Flooring & Hardware,* 220 Ga. 599, 609, 140 S.E.2d 830, 837 (1965) ("The essential element [of conspiracy] is the charge of a common design."). And again, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt.*, 297 F.3d at 1188. Emory contends that the Court may draw a reasonable inference of a conspiracy from her allegations that Grace gave his statement three days before Grady, that Grace asked Grady leading questions during Grady's interview, and that both parties made false representations. ECF 11 at 12-13. However, those allegations do not raise a reasonable inference that Grace and Grady created a common plan to launch an investigation against Emory.

Moreover, to state a claim for civil conspiracy under Georgia law, the plaintiff must plausibly allege an underlying tort. *Wilson v. Mountain Valley Community Bank*, 328 Ga. App. 650, 652, 759 S.E.2d 921 ("Absent the underlying tort, there can be no liability for civil conspiracy.") (citation modified). As stated above, Emory has abandoned both of her state law tort claims, and she cites no basis for asserting a conspiracy claim under Georgia law based on a constitutional violation. *See Andros v. Tinsley*, 2025 U.S. Dist. LEXIS, at *18 (M.D. Ga. Mar. 31, 2025) ("Plaintiffs have not stated a conspiracy claim under Georgia law, because the alleged violations of Plaintiff's Fourth and Fourteenth Amendment rights do not constitute a tort.").

-10-

Accordingly, Grace's motion to dismiss Count Five is **GRANTED**, and Emory's conspiracy claim is **DISMISSED**. Because Emory alleges no state law basis for her conspiracy claim, her conspiracy claim is also **DISMISSED without prejudice** as to Grady.[8]

### IV. CONCLUSION

In sum, Grace's motion to dismiss is **DENIED** in part and **GRANTED** in part. Grace's motion to dismiss is **DENIED** as to Emory's malicious prosecution claim under 42 U.S.C. § 1983 (Count One). Emory's remaining state law claims are **DISMISSED without prejudice.**

**SO ORDERED**, this 30th day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[8] "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1537 (11th Cir. 1987) (quoting *Silverton v. Department of the Treasury,* 644 F.2d 1341, 1345 (9th Cir. 1981)) (internal quotation marks omitted); *see Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993) ("A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related."). Because Count Five alleges that Grace and Grady conspired with one another, the claims are integrally related and both defendants are in a similar position.